19-60024-TP-RUIZ

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 1:14-CR-0106-01-SCJ |
| | | DOCKET NUMBER *(Rec. Court)* |
| | | 19-60024-TP-RUIZ |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Northern District of Georgia | Atlanta |
| Vivienne Bloch | NAME OF SENTENCING JUDGE | |
| | Honorable Steve C. Jones | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 9/27/2017 | TO 9/26/2022 |

| OFFENSE | |
|---|---|
| Conspiracy to Commit Bank Fraud, 18 U.S.C. §1349 | FILED BY ___AT___ D.C.<br><br>**Jul 2, 2019**<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - FTL |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Northern DISTRICT OF Georgia

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

June 13, 2019
Date

Honorable Steve C. Jones
United States District Judge

*This sentence may be deleted at the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern DISTRICT OF Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7/1/19
Effective Date

Honorable
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-                                                     Case No. 1:14-CR-0106-01-SCJ

VIVIENNE BLOCH

                                                         Defendant's Attorney:
                                                         Roger Wilson

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to Commit Bank Fraud | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Counts as charged in the Indictment are dismissed pursuant to the terms of the plea agreement.

It is ordered that the defendant shall pay the special assessment of $100.00 which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      XXX-XX-1783         Date of Imposition of Sentence: November 24, 2015
Defendant's Date of Birth:      1961
Defendant's Mailing Address:
Robert A. Deyton Detention Center
Lovejoy, Georgia  30250

Signed this the 24th day of November, 2015.

STEVE C. JONES
UNITED STATES DISTRICT JUDGE

1:14-CR-0106-01-SCJ: VIVIENNE BLOCH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

1:14-CR-0106-01-SCJ: VIVIENNE BLOCH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

Any portion of the restitution not paid in full at time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate of not less than $150.00, plus 25% of gross income exceeding $2,300.00 per month.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not own, possess or have under her control any firearm, dangerous weapon or other destructive device.

The defendant shall participate in a drug/alcohol treatment program under the guidance and supervision of the United States Probation Officer and if able, contribute to the cost of services for such treatment.

The defendant shall submit to a search of her person, property (real, personal or rental), residence, office and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

1:14-CR-0106-01-SCJ: VIVIENNE BLOCH

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:14-CR-0106-01-SCJ: VIVIENNE BLOCH

## RESTITUTION

The defendant shall make restitution, jointly and severally with co-defendants, in the total amount of **$538,383.50** to the victim as set forth below:

> **Bank of America**
> C/O Laura Mallozzi, Corporate Security
> GA 7-296-01-01
> 3057 Akers Mill Rd., NW
> Atlanta, GA 30339

The restitution shall be paid in full immediately.

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution not paid in full at time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate of not less than $150.00, plus 25% of gross income exceeding $2,300.00 per month.